FILED

JAN 2 5 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DONOVAN TROY FORTIN, | ) | |
| | ) | Civil No. 07-633-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK NOOTH, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

///

    1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Donavan Troy Fortin brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions for Rape, Sexual Abuse, Attempted Sexual Abuse and Coercion. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#40) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On May 29, 2002, the Lincoln County Grand Jury returned an indictment charging Fortin with three counts of Rape in the First Degree, two counts of Rape in the Second Degree, one count of Rape in the Third Degree, four counts of Sexual Abuse in the First Degree, one count of Sexual Abuse in the Third Degree, one count of Attempted Sexual Abuse in the First Degree, two counts of Attempted Sexual Abuse in the Third Degree and two counts of Coercion. Respondent's Exhibit 102. A jury acquitted Fortin on one count of Rape in the First Degree, one count of Attempted Sexual Abuse in the Third Degree and one count of Coercion, but otherwise convicted him on all charges. The court imposed a sentence totaling 404 months. Respondent's Exhibit 101.

Fortin directly appealed his convictions and sentence, but later voluntarily dismissed this appeal. Respondent's Exhibit 103.

Fortin then filed an amended petition for post-conviction relief ("PCR") in state court. The PCR trial court denied relief.

2 - FINDINGS AND RECOMMENDATION

<u>Fortin v. Hill</u>, Malheur County Circuit Court Case No. 04-05-3621.

On appeal, the Oregon Court of Appeals affirmed without written

opinion, and the Oregon Supreme Court denied review.   <u>Fortin v.</u>

<u>Hill</u>, 210 Or. App. 467, 151 P.3d 960 (2007), <u>rev. denied</u> 342 Or.

503, 155 P.3d 874 (2007); Respondent's Exhibits 121-125.

On April 27, 2007, Fortin filed this action.  His grounds for

relief as set forth in his Amended Petition are as follows:

1.    Ground One:  Mr. Fortin was deprived of the right to
      effective assistance of counsel as guaranteed by the
      Sixth Amendment to the United States Constitution when
      trial counsel failed to call Jessica Bayya Oliphant and
      Cassondra Fortin to testify on Mr. Fortin's behalf at
      trial.  Ms. Bayya Oliphant and Mrs. Fortin could have
      provided important testimony to impeach prosecution
      witnesses and support Mr. Fortin's claim of innocence;

2.    Ground Two:  Mr. Fortin was deprived of the right to
      effective assistance of counsel as guaranteed by the
      Sixth Amendment to the United States Constitution when
      trial counsel failed to call a necessary expert witness
      to testify about delayed reporting of abuse allegations.
      The prosecution introduced an expert witness who
      testified that Sarah and Amanda's delay in reporting the
      charges was normal and, without a defense expert, counsel
      was not able to support the defense theory that delay in
      reporting diminished Sarah and Amanda's credibility; and

3.    Ground Three:  Mr. Fortin was deprived of the right to
      effective assistance of counsel as guaranteed by the
      Sixth Amendment to the United States Constitution when
      trial counsel failed to make an accurate and coherent
      closing argument when he mixed up the names of the two
      alleged victims and told the jury that Mr. Fortin had
      confessed to having sex with Sarah, when in fact it was
      Amanda.  The charges against Sarah were more serious
      given her age, and this closing argument confused, not
      clarified, the issues and the charges for the jury.

3 - FINDINGS AND RECOMMENDATION

Respondent asks the court to deny relief on the Petition because these claims were correctly denied on the merits in a state-court decision entitled to deference.

## DISCUSSION

**Merits**

### I.    **Standard of Review**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Fortin bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court

4 - FINDINGS AND RECOMMENDATION

may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.   The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410.   The state court's application of clearly established law must be objectively unreasonable.   Id. at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel.   First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984).   Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."   Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense.   The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.   Id at 696.

///

///

## II.   Analysis

### A.   Counsel's Failure to Call Fortin's Wife and Mother to Testify on His Behalf at Trial

Fortin argues counsel's failure to call his wife, Cassondra Fortin, and his mother, Jessica Bayya Oliphant, to testify on his behalf constituted ineffective assistance of counsel because their testimony would have impeached the testimony of the victims and supported his claim of innocence.   During the PCR proceedings, Fortin's counsel introduced affidavits from these women which he contended countered claims made by the victims related to the layout of the house, the issue of their fear of Fortin, and the makeup of the car where some of the incidents occurred. In addition, PCR counsel argued that Fortin was prejudiced by his trial attorney's mistake because as a potential witness, Cassondra was not allowed in the courtroom and the jury was led to believe she did not support her husband and that she may have believed the allegations against him.

When questioned during the PCR trial about his decision not to call Cassondra and Jessica, Fortin's trial counsel indicated that while he could not recall how he might have used Cassondra's testimony, he was concerned, based on information given to him by his investigator, that she may have wanted to hurt Fortin. In addition, both counsel and the investigator opined that Jessica would make a poor witness.   As a consequence, given counsel's

determination that Jessica's testimony was of relatively low
utility, he decided not to call her.

In denying Fortin's claims, the PCR court stated:

Well, as I've said, I've read all this material, and I
have to say that having read the trial transcript, read
the affidavits and all this, and listened to the
testimony today, my belief is that what we have here is
a valiant but unsuccessful attempt to turn gnats into
dinosaurs, if you will.    That the plausible and
reasonable explanations for not calling the mother and
the wife, if in fact they would say what they would have
said, this coffee table is -- it's just --it's -- it's
not an issue. You know, I don't remember who it was here
said no, it's a "He said, she said." That's exactly what
it is. And what you have is that the lawyer did the best
he could do with what he had. The jury was obviously not
confused in any degree given the kind -- types of
verdicts that they returned. There's just nothing here.
. . . So I don't think there's a thing here.  This man
received entirely adequate assistance of counsel.   He
doesn't like the result.   I'm sorry, but it's not the
lawyer's fault, and it's not because he didn't receive an
adequate defense. So the petition for post-conviction is
denied.

Respondent's Exhibit 119, pp. 54-55.

Given counsel's concerns about the witnesses, my review of the
record, including Cassondra and Jessica's affidavits, supports only
the conclusion that the PCR court's determination that counsel's
decision not to call Cassandra and Jessica at trial did not
constitute ineffective assistance of counsel was not contrary to,
nor did it involve an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court.

///

///

7 - FINDINGS AND RECOMMENDATION

B.    **Counsel's Failure to Retain an Expert on the Issue of the Victims' Delay in Reporting**

Fortin contends his trial counsel rendered ineffective assistance when he failed to retain an expert to rebut the state's expert witness on the issue of the victims' delayed reporting of abuse.   He contends this was a critical fact in his case and counsel should have followed up with the expert his investigator referred him to.

Even assuming counsel's performance was deficient, Fortin has not shown that his case was prejudiced as a result of counsel not retaining an expert to testify about the victims' delay in reporting.   Fortin contends that an expert would have contradicted the state's expert and testified on his behalf on this issue.   Such speculation, however, is insufficient to establish prejudice.   See Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997)(speculating as to what expert would say is not enough to establish prejudice). In his Reply, Fortin argues that in addition to his own post-conviction testimony, the investigator, Mr. Nash, testified:   (1) that he gave counsel the name of an expert; and (2) that had such expert been called, counsel would have used him to talk about the victims' disclosure of abuse.   These comments are not helpful to Fortin here as Nash did not, nor was he likely qualified to, specifically elaborate on what an expert might have said.

Accordingly, Fortin cannot demonstrate that the PCR court's denial of this claim was contrary to, or involved an unreasonable

8 - FINDINGS AND RECOMMENDATION

application of, clearly established Federal law, as determined by the Supreme Court.

### C. **Counsel's Failure to Present a Coherent Closing Arguement**

Fortin argues that by mixing up the names of the victims in his closing argument and by erroneously telling the jury that Fortin confessed to having consensual sex with Sarah, the younger victim, counsel confused the jury on these important facts and, thus, provided ineffective assistance.

As noted above, the PCR court stated that "[t]he jury was obviously not confused in any degree given the kind -- types of verdicts that they returned." Specifically, the jury acquitted Fortin on the Rape in the First Degree and Coercion charges related to Amanda, the older victim. These verdicts suggest the jury credited Fortin's defense that he had consensual sex with Amanda, but did not forcibly rape or coerce her. As the PCR court reasonably held, the record does not support a conclusion that counsel's mixup of the victims' names confused the jury as to the identity of the victim Fortin admitted he had sex with.

Accordingly, Fortin cannot demonstrate that the PCR court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

///

9 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

Based on the foregoing, the Amended Petition for Writ of Habeas Corpus (#40) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from filing of this Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice

10 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

In addition, the district judge should certify that Fortin has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).   This case is not appropriate for appellate review.

DATED this 25th day of January, 2010.

Paul Papak
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION